UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOHN L. BRYANT,

                Petitioner,

   -vs-                                 **No. 08-CV-6103(CJS)(VEB)**
                                         **DECISION AND ORDER**
JOHN LEMPKE,

                Respondent.
_____

     *Pro se* petitioner John L. Bryant has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1). Presently before the Court is Bryant's motion to amend his habeas petition to include claims raised in a motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 as well as in an application for a writ of error *coram nobis*. (Docket No. 5). In the motion to amend, Bryant also seeks a stay, to the extent that his proposed amended claims are untimely. Finally, Bryant has requested an extension of time to file a reply to respondent's answer. Respondent has opposed Bryant's request to amend and for a stay and has taken no position with regard to Bryant's request for an extension of time.

     The section of Fed.R.Civ.P. 15(a) relevant to this case, in which Bryant filed his motion to amend more than twenty days after the government's response to his motion was served, provides that Bryant "may amend [his] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." "It is well-established that a district court should normally permit amendment absent futility, undue delay, bad faith or dilatory motive, or undue prejudice." Masotto v United States, 205 F.3d 1323

(Table), No. 97-2894, 2000 WL 19096, at 2 (2d Cir. 2000) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Nerney v. Valente & Sons Repair Shop*, 66 F.3d 25, 28 (2d Cir.1995) (*per curiam*).

(quoted in Respondent's Affirmation in Opposition to Motion to Amend at 3). Respondent argues that his claims are "without merit", and "are futile and clearly could have been brought earlier". Resp't Aff. at 3-4 (citations omitted).

To the extent that Bryant seeks to raise claims that his arrest and the search of his home alleged violations of the Fourth Amendment and *Payton v New York*, 445 U.S. 573 (1989), the Court finds that amending the petition to include these claims would be futile under the Supreme Court's holding in *Stone v. Powell*. Thus, Bryant shall not be permitted to amend his petition to include issues that should have been raised in the context of a pre-trial suppression hearing. Bryant's claims of ineffective assistance of trial counsel premised upon counsel's handling of the suppression hearing appear to be procedurally barred by the state court's reliance upon C.P.L. § 440.10(2)(c) to dismiss the claim since it could have been raised on direct appeal. Therefore, the Court denies leave to amend to include those claims as well.

To the extent that Bryant claims, in his C.P.L. § 440.10 motion and *coram nobis* application, that C.P.L. §§ 440.10(2)(a), 440.10(2)(c), and 440.30 are unconstitutional, the Court denies leave to include these claims as amendment would be futile.

The Court grants Bryant leave to amend his petition to add *only* the following claims: petitioner's off-the-record ineffective assistance of trial counsel claims, raised in his C.P.L. § 440.10 motion regarding the failure to consult expert witnesses and investigate a defense of extreme emotional disturbance. This ruling does not indicate any view as to the merits of the

claims and does not preclude respondent from asserting affirmative defenses to those claims. Thus, Bryant's motion for leave to amend (Docket No. 5) is **GRANTED** to the extent that Bryant seek's to incorporate the off-the-record ineffective assistance of trial counsel claims, raised in his C.P.L. § 440.10 motion, regarding the failure to consult expert witnesses and investigate a defense of extreme emotional disturbance. Bryant's motion for leave to amend (Docket No. 5) is in all other respects **DENIED**.

Because it does not appear that the proposed new claims are untimely, a stay is unnecessary, and that portion of the motion (Docket No. 5) seeking a stay is **DENIED as moot.**

Respondent shall file his pleadings in opposition to the amended claims within forty-five (45) days of the date of entry of entry of this Order. Petitioner's request for extension of time to file a reply to respondent's answer is **GRANTED**. Petitioner shall have thirty (30) days from the date of his receipt of respondent's answer to the amended claims in which to file a reply with regard to respondent's original answer and amended answer, should he choose to do so.

**ALL OF THE ABOVE IS SO ORDERED.**

/s/ Victor E. Bianchini

_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: September 30, 2009
Rochester, New York.